UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LACEY SMITH, on behalf of herself and on
behalf of all others similarly situated,

    Plaintiff,

vs.                                    CASE NO. 8:16-CV-2384-EAK-JSS

STARBUCKS COFFEE COMPANY,

    Defendant.
_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT
AGREEMENT AND ENTRY OF AN ORDER OF DISMISSAL**

Plaintiff Lacey Smith ("Plaintiff") and Defendant Starbucks Coffee Company ("Defendant") (collectively, the "Parties") jointly move the Court for approval of the settlement agreement entered into in this action (the "Agreement") and entry of an order of dismissal.[1] The Parties have agreed that the terms reflected in the Agreement are mutually satisfactory and represent a fair and reasonable compromise of the claims asserted. The Court's approval and entry of an order of dismissal will consummate the Agreement between the Parties. The grounds for this joint motion are set forth in the following memorandum of law.

**MEMORANDUM OF LAW**

**A.    BACKGROUND**

On August 19, 2016, Plaintiff filed this action against Defendant in which she alleged that Defendant violated the Fair Labor Standards Act (the "FLSA") by failing to pay overtime

---

[1] Contemporaneously with this motion, the Parties have filed a "Joint Motion to Submit Settlement Agreement to the Court for *In Camera* Review," in which the Parties request that the Court review the settlement agreement entered into by the Parties in this action *in camera* so that it may remain confidential without becoming a public record in the court file.

compensation for hours she worked in excess of 40 in a workweek during her employment with Defendant. (Doc. 1.) Defendant denies all liability as to Plaintiff's claims.

The Parties engaged in early settlement negotiations prior to and after the filing of the Complaint, and reached terms of a settlement that, if approved by the Court, would completely resolve all the claims by Plaintiff in this action. The Parties now file this joint motion requesting the Court to approve the Agreement entered into by the Parties in this action and to dismiss this action with prejudice.

**B.     LEGAL PRINCIPLES**

Judicial review and approval of an FLSA settlement involving a compromise provides final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor,* 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn's Food*,

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id.* at 1352-53.

Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

 (1)  the existence of fraud or collusion behind the settlement;

 (2)  the complexity, expense, and likely duration of the litigation;

 (3)  the stage of the proceedings and the amount of discovery completed;

 (4)  the probability of Plaintiffs' success on the merits;

 (5)  the range of possible recovery; and

 (6)  the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala., Nat'l Ass'n,* 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.,* No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, *2 (M.D. Fla. Jan. 8, 2007) (adopting *Leverso* factors in reviewing an FLSA settlement). "When considering these factors, the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair," and remain aware "that a 'settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution.'" *Hamilton*, 2007 WL 328792, at *2 (internal citations omitted).

**C.** **LEGAL ANALYSIS**

As discussed above, Defendant denies that it owes Plaintiff any additional compensation. Plaintiff acknowledges that the settlement amounts represent a fair and reasonable compromise of her respective claims. Accordingly, the settlement is fair.

Courts have found no fraud or collusion where both parties were represented by counsel, the amount allocated to the plaintiff was reasonable, and the parties stipulated that the settlement is fair and reasonable. *See Helms v. Cent. Fla. Reg. Hosp.,* No. 6:05-cv-383-Orl-22JGG, 2006 WL 3858491, at *4-5 (M.D. Fla. Dec. 26, 2006) (applying *Leverso* factors in FLSA settlement). The undersigned counsel represent to the Court that there was no fraud or collusion.

The probability of success on the merits, and the complexity, expense, and length of future litigation also militate in favor of this settlement. Plaintiff and Defendant continue to disagree over the merits of the claims asserted by Plaintiff. If the Parties continued to litigate this matter, they would be forced to engage in costly litigation in order to prove their claims and defenses. This settlement, therefore, is a reasonable means for both Parties to minimize future risks and litigation costs.

Further, there has been sufficient investigation and exchange of information to allow counsel to reach a fair and reasonable resolution of this matter. The Parties began settlement discussions prior to the filing of the complaint and voluntarily exchanged information during these discussions. Ultimately, the Parties reached a compromise agreement that provides Plaintiff with certainty of the amount she will receive in this case, while Defendant is ceasing to incur further time or costs in defending this action, despite Defendant maintaining that Plaintiff is not owed unpaid wages. In agreeing upon the proposed settlement, the Parties had sufficient information and had conducted an adequate investigation to allow them to make an educated and informed analysis of the claims. Courts approve settlements early in FLSA cases in these circumstances, recognizing that "early resolution of FLSA claims are encouraged, and extensive discovery typically is unnecessary." *Helms,* 2006 WL 3858491, at *4. Indeed, this Court's FLSA Scheduling Order encourages just that practice. (Doc. 5, ¶ 4.) (requiring early attorney settlement conference).

Plaintiff's probability of success on the merits and the amount she would be awarded is also uncertain, further suggesting that this settlement is fair and appropriate. Plaintiff asserts, and Defendant denies, that she is owed wages due to Defendant's alleged violation of the FLSA. Defendant denies Plaintiff's allegations and contends, among other defenses, that Plaintiff is

exempt from the minimum wage and overtime provisions of the FLSA. *See Mims v. Starbucks Corp.,* No. H-05-0791, 2007 WL 10369 (S.D. Tex. Jan. 2, 2007). Thus, in preparing for trial, the Parties would have to litigate the number of hours Plaintiff worked and did not receive compensation. These fact-intensive disputes are costly and time-consuming to litigate.

The range of possible recovery by Plaintiff is open to dispute because Defendant denies that Plaintiff worked without receiving proper compensation. Even if Plaintiff succeeded on the merits of her claims, which would require substantial additional time and exercise of resources by both Parties and the Court, the amount of her recovery is uncertain, subject to a fact-intensive inquiry, and may not be resolved for well over a year.

The settlement reached in this case did not involve coercion, collusion, or any undue influence, but was instead agreed upon voluntarily and after due consideration by both Plaintiff and Defendant.

Finally, this Court should also approve the attorneys' fees and costs provision of the Agreement because the Parties complied with this Court's ruling in *Bonetti v. Embarq. Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), when determining fees and costs. In *Bonetti* the court held that if the plaintiff's recovery and attorneys' fees were settled independently of the plaintiff's claims, which is precisely what was done here, there would be no need to file the attorneys' billing records unless the fees were out of line compared with the settlement agreement. Thus, the award of attorneys' fees and costs would no longer require approval using the lodestar approach. In this case, Plaintiff's fees and costs were negotiated and settled independently of Plaintiff's FLSA claims.

## CONCLUSION

For the foregoing reasons, the Parties file this joint motion requesting that the Court approve the proposed settlement agreement and enter an Order dismissing this action with prejudice. The Parties' settlement agreement represents a fair and reasonable compromise of disputed issues. Accordingly, the Parties respectfully request that the Court enter an Order approving the Parties' proposed settlement agreement and dismissing this litigation with prejudice.

Date: September 28, 2016

Respectfully submitted,

| | |
|---|---|
| /s/ Brandon J. Hill | /s/ Reed L. Russell |
| Brandon J. Hill | Reed L. Russell |
|   Florida Bar No. 37061 |   Florida Bar No. 184860 |
|   bhill@wfclaw.com |   reed.russell@phelps.com |
| Wenzel Fenton Cabassa, P.A. | Phelps Dunbar LLP |
| 1110 North Florida Avenue, Suite 300 | 100 South Ashley Drive, Suite 1900 |
| Tampa, Florida 33602 | Tampa, Florida 33602 |
| 813-224-0431 | (813) 472-7550 |
| 813-229-2712 (FAX) | (813) 472-7570 (FAX) |
| ATTORNEYS FOR PLAINTIFF | ATTORNEYS FOR DEFENDANT |

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                                                          /s/ Reed L. Russell
                                                          Attorney